UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARGONAUT INSURANCE COMPANY,

                         Plaintiff,

-against-

KNOTEL, INC., et al.,

                         Defendant).

20-CV-09432 (MMG)

**NOTICE OF REASSIGNMENT**

MARGARET M. GARNETT, United States District Judge:

    This case has been reassigned to the undersigned. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment. All counsel must familiarize themselves with the Court's Individual Rules & Practices ("Individual Rules"), which are available at https://nysd.uscourts.gov/hon-margaret-m-garnett.

    It is hereby ORDERED that no later than **March 5, 2024**, the parties shall file on ECF a joint letter, described below, updating the Court on the status of the case, including the status of Defendants' bankruptcy proceedings. The joint letter shall not exceed five pages, and shall provide the following information in separate paragraphs:

1. Names of counsel and current contact information, if different from the information currently reflected on the docket;

2. A brief statement of the nature of the case and/or the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion;

3. A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. Where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;

4. A brief explanation of the status of Defendants' bankruptcy proceedings;

5. A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be

      appropriate and, if so, when in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate;

6. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the deadline, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://nysd.uscourts.gov/electronic-case-filing.

In accordance with Rule I(B)(5) of the Court's Individual Rules, requests for extensions or adjournments may be made only by letter-motion filed on ECF.

Dated: February 20, 2024
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge